1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

RICHARD A. SHAPIRO,

                                                    Plaintiff,

        vs.

PEOPLE OF THE STATE OF
CALIFORNIA,

                                                    Defendant.

CASE NO. 11cv2559 WQH BLM

**ORDER**

HAYES, Judge:

        The matter before the Court is the Motion for Leave to Proceed in Forma Pauperis filed by Plaintiff Richard A. Shapiro.  (ECF No. 2).

**I.        Background**

        On November 3, 2011, Plaintiff Shapiro, a nonprisoner proceeding pro se, initiated this action by filing the Complaint and the Motion for Leave to Proceed in Forma Pauperis ("IFP"). (ECF Nos. 1-2).

**II.       Discussion**

        **A.        Motion to Proceed IFP**

        All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999).

1    In his declaration accompanying the Motion to Proceed IFP, Plaintiff states that he is
2    not employed, he does not receive any income, he has a total amount of money of $50, he does
3    not own a vehicle or any other significant assets such as real estate, stocks, bonds or securities.
4    (ECF No. 2 at 1-2).  Plaintiff states that he pays $30 per month for "transportation" but does
5    not have any dependents or other financial obligations.  *Id*. at 2.  The Court has reviewed
6    Plaintiff's declaration and finds that it is sufficient to show that Plaintiff is unable to pay the
7    fees or post securities required to maintain this action.  The Court grants the Motion to Proceed
8    IFP pursuant to 28 U.S.C. § 1915(a).

9    **B.    Initial Screening Pursuant to 28 U.S.C. § 1915(e)(2)(b)**

10   After granting IFP status, the Court must dismiss the case if the case "fails to state a
11   claim on which relief may be granted" or is "frivolous."  28 U.S.C. § 1915(e)(2)(B).

12   The standard used to evaluate a motion to dismiss is a liberal one, particularly when the
13   action has been filed pro se.  *See Estelle v. Gamble*, 429 U.S. 97, 97 (1976).  However, even
14   a "liberal interpretation ... may not supply elements of the claim that were not initially pled."
15   *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

16   The Complaint consists of an "extremely abridged petition" as well as an "unabridged
17   petition."  Plaintiff contends that he "has seven cases he has to deal with, including this one
18   all based in San Diego County."  (ECF No. 1 at 3).  The Complaint contains a paragraph about
19   each case consisting of profane commentary regarding adverse rulings.  Plaintiff requests that
20   "this court remand this case to the trial court level to rehear this case ...."  *Id*. at 2.  These
21   allegations are insufficient to put Defendant on notice of the claims against it, as required by
22   Rule 8 of the Federal Rules of Civil Procedure.[1]  For this reason, the Court finds that Plaintiff
23   fails to state a claim on which relief can be granted.

24   A complaint "is frivolous where it lacks an arguable basis either in law or fact.  [The]
25   term 'frivolous,' when applied to the complaint, embraces not only the inarguable legal

---

[1] Federal Rule of Civil Procedure 8 provides: "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought...."  Fed. R. Civ. P. 8(a).  Rule 8(d) provides that "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d).

conclusion, but also the fanciful factual allegation." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996).  When determining whether a complaint is frivolous, the Court need not accept the factual allegations as true, but must "pierce the veil of the complaint," to determine if the allegations are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 327-28).

The following is an example of the Complaint's allegations:

> In the 37-2011-00052359 one, the judge refused to hear a Reconsideration Motion, though she acknowledged filed on time, because she states a Reconsideration Motion can't be heard after judgment is signed.  What? Of course the Judgment is signed, it's a JUDGMENT ... A judgment that can be reconsidered according to Cal. CCP § 1008(a).  Petitioner didn't appeal that order because he doesn't have enough ... hours in the day, working day and night on this ... , to deal with the deluge of pure, unadulterated horse[] coming out of California Courts.

(ECF No. 1 at 4).  The Complaint contains rambling allegations lacking an arguable basis in fact or law similar to the example quoted above.  The Court dismisses the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

III.   **Conclusion**

IT IS HEREBY ORDERED that the Motion for Leave to Proceed in Forma Pauperis filed by Plaintiff Richard A. Shapiro (ECF No. 2) is GRANTED.  The Complaint is DISMISSED without prejudice.

DATED:  November 8, 2011

**WILLIAM Q. HAYES**
United States District Judge