**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD A. SHAPIRO,<br><br>                        Plaintiff,<br>  vs.<br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                       Defendant. | CASE NO. 11cv2559 WQH BLM<br><br>**ORDER** |

HAYES, Judge:

      The matters before the Court are (1) the Cause of Action for Violation of 42 U.S.C. § 1983 and Motion for Rehearing (ECF No. 6); and (2) the Motion for Stay of All Penalties (ECF No. 8) filed by Plaintiff Richard A. Shapiro.

      On November 3, 2011, Plaintiff Shapiro, a nonprisoner proceeding pro se, initiated this action by filing the Complaint and the Motion for Leave to Proceed in Forma Pauperis ("IFP"). (ECF Nos. 1-2). On November 8, 2011, the Court granted the Motion for Leave to Proceed in Forma Pauperis and dismissed the Complaint stating:

> After granting IFP status, the Court must dismiss the case if the case "fails to state a claim on which relief may be granted" or is "frivolous." 28 U.S.C. § 1915(e)(2)(B).
>
> The standard used to evaluate a motion to dismiss is a liberal one, particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 97 (1976). However, even a "liberal interpretation ... may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).
> ...

> The Complaint contains rambling allegations lacking an arguable basis in fact or law .... The Court dismisses the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

(ECF No. 3 at 2-3). On November 9, 2011, the case was closed.

On December 2, 2011, Plaintiff filed a Cause of Action for Violation of 42 U.S.C. § 1983 and Motion for Rehearing.[1] (ECF No. 6). The Proposed First Amended Complaint alleges that the state "trial court Pro Tem dismissed the testimony" of Plaintiff's witness and refused to hear audio tape produced by Plaintiff. The Pro Tem "refused to grant [Plaintiff] community service after finding him guilty of not putting on his blinker." (ECF No. 6 at 2). Plaintiff alleges that "The appellate division refused to make allowances for extraordinary circumstances in filing [Plaintiff's] appeal...." *Id.* Plaintiff alleges that the appellate division refused to hear his matter. On December 2, 2011, Plaintiff filed the Motion for Stay of All Penalties. (ECF No. 8). The Motion for Stay of All Penalties states that Plaintiff is unable to pay "this blinker ticket ... [and] requests herein that all penalties by stayed until this matter is finalized in the District Court ...." (ECF No. 8 at 1).

"[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) (explaining that the district court lacks subject matter jurisdiction over the claim and a "[r]eview of such judgments may be had only in [the Supreme] Court."); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) ("*Rooker-Feldman*"); *Noel v. Hall*, 341 F.3d 1148, 1161 (9th Cir. 2003); *Worldwide Church of God v. McNair,* 805 F.2d 888, 892-93 (9th Cir. 1986). "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court." *Mooney v. Boli*, Case No. C 06-7875 SI, 2007 WL 781973 at *3 (N.D. Cal. Mar. 13, 2007).

There are two statutory exceptions to the principle that district courts may not review

---

[1] The Court construes the Cause of Action for Violation of 42 U.S.C. § 1983 and Motion for Rehearing as a Motion to Re-Open the Case and a Proposed First Amended Complaint asserting violation of 42 U.S.C. § 1983.

1  state court judgments including: (1)  petitions for writ of  habeas corpus brought by state
2  prisoners who claim that the state court has made an error of federal law; and (2) bankruptcy
3  courts modifying, avoiding, or discharging state judgments.  *Noel*, 341 F.3d at 1155 (citations
4  omitted).

5      In this case, Plaintiff has filed a Cause of Action for Violation of 42 U.S.C. § 1983
6  seeking review of a final judgment of the state court.  The Court concludes that it does not
7  have subject matter jurisdiction over Plaintiff's Proposed First Amended Complaint.  The
8  Court concludes that this case does not fit a statutory exception permitting the exercise of
9  jurisdiction on the grounds that the case is not a petition for writ of  habeas corpus and the case
10 is not a bankruptcy appeal.  Accordingly, the Motion to Re-Open the Case and file the
11 Proposed First Amended Complaint for violation of 42 U.S.C. § 1983 is DENIED.  The
12 Motion for Stay of All Penalties is DENIED as moot.

13     IT IS HEREBY ORDERED that the Cause of Action for Violation of 42 U.S.C. § 1983
14 and Motion for Rehearing (ECF No. 6) is DENIED.  The Motion for Stay of All Penalties
15 (ECF No. 8) is DENIED as moot.
16 DATED:  December 14, 2011

17
18                           **WILLIAM Q. HAYES**
                          United States District Judge