UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| RICHARD A. SHAPIRO, | CASE NO. 11cv2559 WQH BLM |
|---|---|
| Plaintiff, | **ORDER** |
| vs. | |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the Referral Notice filed by the Court of Appeals for the Ninth Circuit. (ECF No. 15).

On November 3, 2011, Plaintiff Shapiro, a nonprisoner proceeding pro se, initiated this action by filing the Complaint and the Motion for Leave to Proceed in Forma Pauperis ("IFP"). (ECF Nos. 1-2). On November 8, 2011, the Court granted the Motion for Leave to Proceed in Forma Pauperis and dismissed the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I). (ECF No. 3). The Court stated: "The Complaint contains rambling allegations lacking an arguable basis in fact or law ...." *Id*. at 2-3.

On December 2, 2011, Plaintiff filed a Motion to Re-Open the Case and filed a Proposed First Amended Complaint asserting a violation of 42 U.S.C. § 1983. (ECF No. 6). On December 14, 2011, this Court issued an Order concluding that the Court did not have subject matter jurisdiction over Plaintiff's Proposed First Amended Complaint. This Court stated:

| | |
|---|---|
| 1 | The Proposed First Amended Complaint alleges that the state "trial court Pro Tem dismissed the testimony" of Plaintiff's witness and refused to hear audio tape produced by Plaintiff. The Pro Tem "refused to grant [Plaintiff] community service after finding him guilty of not putting on his blinker." (ECF No. 6 at 2). Plaintiff alleges that "The appellate division refused to make allowances for extraordinary circumstances in filing [Plaintiff's] appeal...." *Id.* Plaintiff alleges that the appellate division refused to hear his matter. On December 2, 2011, Plaintiff filed the Motion for Stay of All Penalties. (ECF No. 8). The Motion for Stay of All Penalties states that Plaintiff is unable to pay "this blinker ticket ... [and] requests herein that all penalties by stayed until this matter is finalized in the District Court ...." (ECF No. 8 at 1). |

"[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) (explaining that the district court lacks subject matter jurisdiction over the claim and a "[r]eview of such judgments may be had only in [the Supreme] Court."); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) ("*Rooker-Feldman*"); *Noel v. Hall*, 341 F.3d 1148, 1161 (9th Cir. 2003); *Worldwide Church of God v. McNair,* 805 F.2d 888, 892-93 (9th Cir. 1986). "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court." *Mooney v. Boli*, Case No. C 06-7875 SI, 2007 WL 781973 at *3 (N.D. Cal. Mar. 13, 2007).

There are two statutory exceptions to the principle that district courts may not review state court judgments including: (1) petitions for writ of habeas corpus brought by state prisoners who claim that the state court has made an error of federal law; and (2) bankruptcy courts modifying, avoiding, or discharging state judgments. *Noel*, 341 F.3d at 1155 (citations omitted).

In this case, Plaintiff has filed a Cause of Action for Violation of 42 U.S.C. § 1983 seeking review of a final judgment of the state court. The Court concludes that it does not have subject matter jurisdiction over Plaintiff's Proposed First Amended Complaint. The Court concludes that this case does not fit a statutory exception permitting the exercise of jurisdiction on the grounds that the case is not a petition for writ of habeas corpus and the case is not a bankruptcy appeal.

(ECF No. 9 at 2-3).

Plaintiff filed an appeal to the Court of Appeals for the Ninth Circuit. On March 6, 2012, the Court of Appeals filed a Referral Notice stating:

This matter is referred to the district court for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith. See 28 U.S.C. § 1915(a)(3); *see also Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of forma pauperis status is appropriate where district court finds the appeal to be frivolous).

1  (ECF No. 15 at 1).

2        28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in forma pauperis if the
3  trial court certifies in writing that it is not taken in good faith." For the reasons stated in the
4  Court Order dismissed the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).
5  (ECF No. 3) and dismissing the First Amended Complaint for lack of subject matter
6  jurisdiction (ECF No. 9), this Court certifies that the appeal is not taken in good faith.

7        IT IS SO ORDERED.

8  DATED: March 13, 2012

9                                              *William Q. Hayes*
                                          **WILLIAM Q. HAYES**
10                                           United States District Judge